**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RANDY BLAND**                                                                                            **PLAINTIFF**

V.                           **CASE NO.: 5:09CV00176 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                         **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Randy Bland brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").

**I.     Procedural History:**

Plaintiff filed his application for DIB on November 8, 2004. (Tr. 54) Plaintiff alleges that he became disabled on December 15, 2003. (Tr. 56) He claims disability due to pain in his knees, back, and foot, and loss of vision. (Tr. 59) The ALJ held a hearing on September 14, 2006. (Tr. 167) On May 9, 2007, the ALJ issued a decision denying Plaintiff benefits. (Tr. 24) The Plaintiff requested review, but the Appeals Council denied the request. Accordingly, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

1

**II.     Background:**

Plaintiff was 48 years old at the time of the hearing. (Tr. 184) He had a ninth grade education with vocational training as a welder. (Tr. 171) He could not read well and was unable to write. (Tr. 16, 171-72) He had past work experience as a concrete finisher and welder. (Tr. 196) At the time of the hearing, Plaintiff lived with his wife and daughter. (Tr. 170-71)

**III.    Findings of the ALJ:**

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404 (hereinafter "a Listing"); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

The ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2009. (Tr. 14) The ALJ found that, even though Plaintiff had some income in 2004, this was from a failed work attempt and was not substantial gainful

activity. Accordingly, he found Plaintiff had not engaged in substantial gainful activity since December 15, 2003, his alleged onset date. (Tr. 14)

The ALJ found that Plaintiff had the following severe impairments: morbid obesity; severe osteoarthritis of his left knee, with a genu varus deformity; degenerative arthritis of his right ankle with osteophytic lipping; and degenerative arthritis of the lumbar spine. (Tr. 14) The ALJ also found that Plaintiff did not have a "listed" impairment, or combination of impairments. (Tr. 15) The ALJ determined that Plaintiff did not have the residual functional capacity ("RFC") to perform his past relevant work, (Tr. 22) but found he had acquired skills from his past relevant work that were transferable to other occupations with jobs existing in significant numbers in the economy. The ALJ also concluded that Plaintiff had the RFC to perform unskilled, sedentary work. (Tr. 17) Based on the testimony of a vocational expert ("VE"), the ALJ found Plaintiff could perform work as an order verifier and assembler, and the VE testified that there were a significant number of these jobs available in the national economy. (Tr. 21)

IV.   **Analysis:**

   A.   *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record to support the decision. 42 U.S.C. § 405(g). "Substantial evidence is evidence that a reasonable mind would find

adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).  In reviewing the record as a whole, the Court "must consider the evidence which detracts from the Commissioner's decision, as well as the evidence in support of the decision," but the decision cannot be reversed, "simply because some evidence supports a conclusion other than that of the Commissioner." *Pelkey v. Barhart*, 433 F.3d 575, 578 (8th Cir. 2006).

      B.    *Plaintiff's Residual Functional Capacity*

The ALJ found that Plaintiff has the RFC to perform unskilled sedentary work. The Plaintiff claims the ALJ's residual functional capacity ("RFC") analysis fails because he disregarded the opinion of Dr. Harold H. Chakales, an independent orthopaedic consultant who examined Plaintiff after the hearing at the request of the Commissioner. The ALJ's RFC assessment is not supported by substantial evidence.

It is the Plaintiff's burden, and not the Commissioner's, to prove the claimant's residual functional capacity.  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)  The ALJ, however, "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).  Relevant evidence includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  Some medical evidence must support the RFC determination.  *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).

In this case, the ALJ found the opinion of Dr. Chakales is "generally consistent with the evidence of record" and concluded that the specialist's opinion should be "accorded great weight."  The ALJ noted that Dr. Chakales examined Plaintiff and diagnosed him with "severe osteoarthritis of his left knee, with a genu varus deformity" and "[b]ilateral pes planus."  The ALJ referenced the Medical Source Statement of Ability to do Work-Related Activities (Physical) that Dr. Chakales completed.  On the form, Dr. Chakales stated that Plaintiff could lift and carry up to 25 pounds occasionally and 20 pounds frequently.  He also stated that Plaintiff could stand and walk less than two hours out of an eight-hour day and could sit without limitation, with the option to alternate periodically between sitting and standing.  (Tr. 147-48)  He opined that the claimant could never balance, kneel, crouch, crawl, or stoop, but could occasionally climb.  (Tr. 148)

Disregarding Dr. Chakales's opinion, the ALJ concluded Plaintiff has the residual functional capacity to "stand and walk for 30 minutes without interruption for a total of 2 hours out of 8, and sit for an hour without interruption for a total of 6 hours out of 8." (Tr. 15)  The ALJ found, in agreement with Dr. Chakales, that Plaintiff could never climb, crouch, kneel, or crawl; but in disagreement with Dr. Chakales's opinion, the ALJ concluded that Plaintiff could occasionally balance and stoop.  (Tr. 15)

The ALJ crafted a hypothetical based on his RFC finding.  In response to the hypothetical, the vocational expert testified that such a person could perform jobs that are

5

semi-skilled at the sedentary level "where he could use some skills he acquired in the past" including the job of order verifier. (Tr. 197) The vocational expert also testified that such a person could perform "sedentary jobs at the bench level" including the job of "assembler." (Tr. 197)

When the ALJ modified the hypothetical for an individual who could sit for only two hours and stand for only one hour, the vocational expert testified that there were no jobs such a person could perform because that is "less than a normal workday." (Tr. 198) On cross examination by the Plaintiff's attorney, the vocational expert testified that the order verifier job she stated Plaintiff could perform was considered "light work" which would require "walking up to six hours." (Tr. 198)

The regulations set forth how an ALJ should weigh medical opinion. The regulations provide that, unless a treating source's opinion is given controlling weight, the ALJ must consider all of the following factors in deciding the weight to give to any medical opinion: (1) the examining relationship; (2) the treatment relationship; (3) whether the opinion is supportable; (4) the consistency of the opinion with the record as a whole; (5) whether the medical source is a specialist; and (6) any other factors brought to the ALJ's attention. See 20 C.F.R. § 404.1527(d); *Wagner v. Astrue* 499 F.3d 842, 848-849 (8th Cir. 2007).

After concluding that Dr. Chakales's opinion should be given "great weight," the ALJ disregarded the orthopedic consultant's opinion with respect to Plaintiff's ability to

stand and his ability to balance and stoop.  The ALJ stated that he found Dr. Chakales's opinion that Plaintiff could stand and walk less than 2 hours out of 8 to be "inconsistent with the other evidence of record."  (Tr. 22)  The ALJ did not, however, specify the evidence in the record that he was relying on that was contrary to Dr. Chakales's opinion.

Further, the ALJ did not state any reason for disregarding Dr. Chakales's opinion that Plaintiff could never stoop or balance.  A person would not need to bend or twist but would need to stoop occasionally to perform sedentary work.  *Ownbey v. Shalala,* 5 F.3d 342, 344 (8th Cir. 1993); *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (person would not need to crouch but would need to stoop occasionally to perform substantially all sedentary and light jobs).  The ALJ did not give any support for his conclusion, contrary to the consulting physician's, that Plaintiff could stoop and balance.

An ALJ may reject the opinion of a medical expert when it is inconsistent with the medical records as a whole.  *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1218-19 (8th Cir. 2001)).  In this case, however, the ALJ has not pointed to substantial evidence in the record to support his conclusion.

## V.     Conclusion:

The Court has reviewed all of the evidence in the record, including all of the medical evidence, the assessment of the consulting physician, and the hearing transcript. Having given due deference to the ALJ's findings, there is not substantial evidence in the

record as a whole to support the Commissioner's conclusion that Plaintiff has the residual functional capacity to perform unskilled sedentary work.

Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a proper evaluation of the Plaintiff's residual functional capacity.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 17th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE